1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RICKEY WILLIAMS,                    ) Case No. CV 12-3176-ABC (JPR)
                                    )
                Petitioner,         )
                                    ) ORDER TO SHOW CAUSE
            vs.                     )
                                    )
TERRI GONZALEZ, Warden, et          )
al.                                 )
                                    )
                Respondents.        )

17     On April 11, 2012, Petitioner filed a Petition for Writ of

18 Habeas Corpus by a Person in State Custody.  The Petition

19 purports to challenge Petitioner's October 1, 1991 guilty plea in

20 Los Angeles County Superior Court to second-degree murder, for

21 which Petitioner was sentenced to 15 years to life.  Petitioner

22 raises two claims: his guilty plea was not knowing and

23 intelligent and his counsel had a conflict of interest, both of

24 which denied him due process in violation of the U.S.

25 Constitution.  Although Petitioner's answers to the questions on

26 the form petition concerning his exhaustion of these claims are

27 not entirely clear, this Court's review of the California

28 Appellate Courts' website seems to indicate that Petitioner

1  exhausted them in state court earlier this year through various

2  habeas petitions.  It does not appear, despite Petitioner's

3  statements to the contrary in his Petition, that he challenged

4  his convictions or sentence on direct appeal to the California

5  Court of Appeal or in a Petition for Review to the California

6  Supreme Court.

7      Under the Antiterrorism and Effective Death Penalty Act of

8  1996 ("AEDPA"), Petitioner had one year from the date his

9  conviction became final in which to file a federal habeas

10  petition.  See 28 U.S.C. § 2244(d).  That statute provides:

11      (1)  A 1-year period of limitation shall apply to an

12      application for a writ of habeas corpus by a person in

13      custody pursuant to the judgment of a State court.  The

14      limitation period shall run from the latest of--

15          (A)  the date on which the judgment became

16          final by the conclusion of direct review or the

17          expiration of the time for seeking such review;

18          (B)  the date on which the impediment to

19          filing an application created by State action in

20          violation of the Constitution or laws of the United

21          States is removed, if the applicant was prevented

22          from filing by such State action;

23          (C)  the date on which the constitutional

24          right asserted was initially recognized by the

25          Supreme Court, if the right has been newly

26          recognized by the Supreme Court and made

27          retroactively applicable to cases on collateral

28          review; or

1              (D)  the date on which the factual predicate

2         of the claim or claims presented could have been

3         discovered through the exercise of due diligence.

4         (2)  The  time  during  which  a  properly  filed

5    application for State post-conviction or other collateral

6    review with respect to the pertinent judgment or claim is

7    pending  shall  not  be  counted  toward  any  period  of

8    limitation under this subsection.

9         Under California law in effect at the time of Petitioner's

10   conviction, an appeal had to be filed within 60 days of

11   judgment.  See Cal. R. Ct. 31 (1991).  When the judgment of

12   conviction was entered pursuant to a guilty plea, the defendant

13   was required to file a notice of intended appeal within the

14   60-day period.  See R. 31(d), drafter's notes (1991) (noting that

15   from March 17, 1989, to January 1, 1992, no certificate of

16   probable cause was required for appeal following guilty plea).

17        Here, a review of Westlaw and the California Appellate

18   Courts' website shows that Petitioner did not appeal his

19   conviction or sentence.  Consequently, "the date on which the

20   judgment became final by conclusion of direct review or the

21   expiration of the time for seeking such review" was sometime in

22   late 1991, when Petitioner's time to file a notice of intended

23   appeal expired.[1]  Although Petitioner's one-year limitation

24   period would normally have begun to run upon the finality of his

25   judgment of conviction, AEDPA extended the limitation period for

26   those whose convictions became final before its enactment to one

27

28        [1]Petitioner pleaded guilty on October 1, 1991.  It is not clear
     when judgment was entered.

1  year after that date – April 24, 1997.  United States v. Gamboa,

2  608 F.3d 492, 493 n.1 (9th Cir.), cert. denied, 131 S. Ct. 809

3  (2010).  Petitioner did not file his federal Petition until 15

4  years later.

5       From the face of the Petition, it does not appear that

6  Petitioner has any basis for contending that he is entitled to a

7  later trigger date under § 2244(d)(1)(B).  Petitioner does not

8  contend that he was impeded from filing his federal petition by

9  unconstitutional state action.  Nor does it appear that

10  Petitioner has any basis for a later trigger date under

11  § 2244(d)(1)(C).  Petitioner does not contend that any of his

12  claims are based on a federal constitutional right that was

13  initially recognized by the U.S. Supreme Court subsequent to the

14  date his conviction became final and that has been made

15  retroactively applicable to cases on collateral review.  Finally,

16  Petitioner does not appear to be entitled to a later trigger date

17  under § 2244(d)(1)(D).  Petitioner should have been aware of the

18  underlying factual and legal bases of his claims long ago.  As

19  for his first claim, Petitioner contends that he did not know

20  that he could wind up serving more than 15 years in prison (Pet.

21  Attach. at 5), but that must have become apparent to him no later

22  than 2006, 15 years after his conviction.  And as for his second

23  claim, Petitioner attaches to the Petition a portion of trial

24  transcript showing that the purported conflict with his counsel

25  arose before he pleaded guilty.  (Pet., Ex. D.)

26       Thus, Petitioner's last day to file his federal habeas

27  petition was April 24, 1997, unless a basis for tolling the

28  statute exists.  See Patterson v. Stewart, 251 F.3d 1243, 1246

1  (9th Cir. 2001).

2      No basis for statutory tolling under § 2244(d)(2) appears to
3  exist, as Petitioner's state habeas petitions were filed earlier
4  this year.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th
5  Cir. 2003) (holding that § 2244(d) "does not permit the
6  reinitiation of the limitations period that has ended
7  before the state petition was filed," even if the state petition
8  was timely filed).  Under certain circumstances, a habeas
9  petitioner may be entitled to equitable tolling, see Holland v.
10 Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130
11 (2010), but only if he shows that (1) he has been pursuing his
12 rights diligently and (2) "some extraordinary circumstance stood
13 in his way," see Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.
14 Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).  Petitioner describes
15 various mental disturbances and illnesses he suffered at the time
16 of his crime and during his trial and guilty plea.  In certain
17 circumstances, mental illness can warrant equitable tolling of
18 the statute of limitations.  See Bills v. Clark, 628 F.3d 1092,
19 1097-98 (9th Cir. 2010).  But Petitioner does not allege in the
20 Petition that his mental condition, or any other circumstance,
21 has prevented him from filing a federal habeas petition in the
22 past 15 years.  It would be difficult for him to do so, given
23 that a review of the Court's Case Management/Electronic Case
24 Filing system shows that Petitioner filed a habeas petition in
25 March 2008 challenging a parole decision (Case No. 2:08-cv-01880-
26 ABC-JCR)[2] and a civil rights action in 1995, which he prosecuted

27 ─────────────────

28     [2]This case was subsequently transferred to the Eastern District
   of California.

1 | until early 1998, through the summary judgment stage (Case No.

2 | 2:95-cv-03204-ABC-BQR).

3 | A district court has the authority to raise the statute of

4 | limitations issue sua sponte when untimeliness is obvious on the

5 | face of a petition; it may summarily dismiss the petition on that

6 | ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in

7 | the U.S. District Courts, as long as the court gives petitioner

8 | adequate notice and an opportunity to respond.  <u>Herbst v. Cook</u>,

9 | 260 F.3d 1039, 1042-43 (9th Cir. 2001).

10 | IT THEREFORE IS ORDERED that on or before **May 18, 2012**,

11 | Petitioner show cause in writing, if he has any, why the Court

12 | should not dismiss this action with prejudice because it is

13 | untimely.  If Petitioner intends to rely on the equitable tolling

14 | doctrine, he will need to include with his response to the Order

15 | to Show Cause a declaration under penalty of perjury stating

16 | facts showing that (1) he has been pursuing his rights diligently

17 | and (2) "some extraordinary circumstance stood in his way."

20 | DATED: <u>April 20, 2012</u>

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

6